IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-185-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| ANTONIO RAY STEPHENS, | ) |
| Defendant. | ) |

On February 8, 2022, Antonio Ray Stephens ("Stephens" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 268]. On April 16, 2022, Stephens, through counsel, filed memorandum in support of his motion for compassionate release [D.E. 279]. On April 29, 2022, the government responded in opposition and filed documents in support [D.E. 282]. As explained below, the court denies Stephens's motion.

I.

In 2012, Stephens and a robbery crew perpetrated theft of firearms from a licensed firearms dealer (count one), interference with commerce by robbery (count two), and brandishing a firearm during a crime of violence (count three). See Presentence Investigation Report ("PSR") [D.E. 123] ¶¶ 1–14. Stephens's offense conduct involved stealing nine firearms from a federal firearms licensee. See id. ¶ 8. Stephens and his crew then robbed two hotels in New Bern, North Carolina while brandishing firearms. See id. ¶¶ 9–15. On September 30, 2013, pursuant to a written plea agreement, Stephens pleaded guilty to one count of theft of firearms from a licensed firearms dealer and aiding and abetting, interference with commerce by robbery and aiding and abetting, and

brandishing a firearm during a crime of violence and aiding and abetting. See [D.E. 97, 101, 123].
Pursuant to the plea agreement, the government agreed to dismiss at sentencing count four (i.e., the
Hobbs Act robbery of the second hotel) and count five (i.e., brandishing a firearm during the crime
of violence at the second hotel). See [D.E. 1]; Plea Agr. [D.E. 101] ¶ 4(a).

On January 17, 2014, the court held a sentencing hearing, adopted the facts set forth in the
PSR, and resolved Stephens's objections. See Fed. R. Crim. P. 32(i)(3)(A)–(B); [D.E. 131, 132].
The court calculated Stephens's advisory guideline range to be 84 to 105 months' imprisonment on
counts one and two and seven years' consecutive imprisonment on count three. After considering
the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced
Stephens to 96 months' concurrent imprisonment on counts one and two, and 84 months'
consecutive imprisonment on count three, for a total term of 180 months' imprisonment. See [D.E.
132]. Stephens did not appeal.

II.

On December 21, 2018, the First Step Act took effect. See First Step Act, 132 Stat. at 5249.
Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion
for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of
imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant
after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to
bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request
by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate
"extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have
served at least 30 years in prison, and have the Director of the BOP determine that the defendant is

Case 5:13-cr-00185-D Document 284 Filed 07/06/22 Page 2 of 9

not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, "the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not

> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "§ 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31 (cleaned up). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., United States v. Hargrove, 30 F.4th 189, 194–95, 198–200 (4th Cir. 2022); McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

In his motions for compassionate release, Stephens has failed to satisfy the exhaustion requirement. See [D.E. 268, 279]; [D.E. 282] 3; cf. United States v. Muhammad, 16 F.4th 126, 130–31 (4th Cir. 2021). In any event, the court addresses Stephens's motions on the merits.

Stephens seeks compassionate release pursuant to section 3582(c)(1)(A) or release to home confinement under section 3582(c)(1)(A). In support, Stephens argues that his stacked section 924(c) charges, his youth at the time of the offenses, his rehabilitative efforts, and his release plan constitute extraordinary and compelling reasons warranting a sentence reduction to time served. See [D.E. 279].

5

Stephens argues that the First Step Act's changes to sentencing for section 924(c) convictions constitutes an extraordinary and compelling reason to reduce his sentence. See [D.E. 279] 5. When the court sentenced Stephens on January 17, 2014, section 924(c) required an 84-month mandatory minimum sentence for brandishing a firearm during and in relation to a crime of violence and a 300-month mandatory minimum consecutive sentence for every subsequent conviction of the same offense. See McCoy, 981 F.3d at 275. A section 924(c) conviction was a subsequent conviction even if a defendant obtained the first section 924(c) conviction in the same case. See id. Stephens pleaded guilty to one count of brandishing a firearm during and in relation to a crime of violence, triggering the 84-month mandatory minimum consecutive sentence on count three. The United States, however, dismissed the second section 924(c) charge; therefore, Stephens did not receive stacked sentences under section 924(c).

In the First Step Act, Congress changed the law so that a section 924(c) conviction is only a subsequent conviction if the first section 924(c) conviction "arises from a separate case and already has become final." McCoy, 981 F.3d at 275 (quotation omitted). Thus, section 924(c)(1)(C)(i) "no longer applies to multiple § 924(c) convictions obtained in a single prosecution." United States v. Jordan, 952 F.3d 160, 171 (4th Cir. 2020); see McCoy, 981 F.3d at 275. Section 403(b) of the First Step Act applies this change to section 924(c) "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." § 403(b), 132 Stat. at 5222. The court, however, sentenced Stephens in 2014, long before Congress enacted the First Step Act. Nonetheless, stacked sentences under section 924(c) may form the basis for a successful motion under section 3582(c)(1)(A). See McCoy, 981 F.3d at 284–86.

The court assumes without deciding the First Step Act's non-retroactive changes to section

6

924(c), Stephens's rehabilitative efforts, and his release plan constitute "extraordinary and compelling" reasons. Cf. McCoy, 981 F.3d at 284–86. Regardless, as explained below, the section 3553(a) factors counsel against reducing Stephens's sentence.

The section 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant. See 18 U.S.C. § 3553(a)(1). Stephens is 32 years old and pleaded guilty to three serious charges. See PSR ¶¶ 1–15. As part of his plea agreement, the United States agreed to dismiss count five, which would have resulted in a stacked section 924(c) sentence if Stephens had been convicted of the charge. In ensuring that the sentence promotes respect for the law and imposes just punishment, the court may consider that Stephens's sentence resulted from a carefully crafted plea agreement. See 18 U.S.C. § 3553(a)(2)(A). Under the plea agreement, Stephens agreed to plead guilty to one section 924(c) count. In exchange, the government agreed to dismiss at sentencing one other Hobbs Act robbery count and one other section 924(c) count. Had Stephens been convicted of all of the counts on which he was indicted, he would have faced a much more serious sentence. When it sentenced Stephens, the court emphasized the need to account for the impact on the victims, to incapacitate Stephens, and to promote respect for the law.

As for Stephens's history and characteristics, when Stephens engaged in his latest crimes, Stephens already had a serious record. See PSR ¶¶ 17–24. Specifically, Stephens had convictions for possession of stolen goods or property, simple possession of schedule VI controlled substances, breaking and entering (two counts), possession of marijuana, possession of drug paraphernalia, disorderly conduct, larceny, and inmate possession of tobacco, telephone, or electronic equipment. See id. Stephens also had performed poorly on supervision (id. ¶¶ 18, 20–23) and had a spotty work history. See id. ¶¶ 40–45. While incarcerated federally, Stephens has continued to perform poorly.

7

See [D.E. 282] 10; cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Stephens has 14 violations, including multiple instances of fighting and possession of drugs, possession of a weapon, interfering with security devices, and refusing to obey orders. See [D.E. 282] 10.

The court must balance Stephens's age at the time of his offenses and rehabilitation efforts with Stephens's serious misconduct while federally incarcerated, his incredibly serious criminal conduct, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Pepper, 562 U.S. at 480–81; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court also has considered changes in the law concerning section 924(c) and Stephens's release plan. Having considered the entire record, the section 3553(a) factors, Stephens's arguments, the government's persuasive response, the need to punish Stephens for his serious criminal conduct, to incapacitate Stephens, to promote respect for the law, to deter others, and to protect society, the court denies Stephens's motion for compassionate release. See, e.g., Concepcion v. United States, No. 20-1650, 2022 WL 2295029, at *12 (U.S. June 27, 2022); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper, 562 U.S. at 480–81; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Stephens's request for home confinement, Stephens seeks relief under the CARES Act. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Simon, No. 20-6701, 2022 WL 337126, at *1 (4th Cir. Feb. 4, 2022) (per curiam) (unpublished); United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021); United States v.

Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1–2 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). To the extent Stephens requests that the court merely recommend home confinement to the BOP, the court declines. Thus, the court dismisses Stephens's request for home confinement.

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 268] and DISMISSES defendant's request for home confinement.

SO ORDERED. This 6 day of July, 2022.

JAMES C. DEVER III
United States District Judge

9